PETER MONG AND DAVID STOVER *vs.* THE STATE use of CHRISTOPHER FLORA.—*June*, 1839.

The policy of the acts of assembly which require the father of an illegitimate child to indemnify the county against the expense of maintaining it, is effected, by putting the person providing for such child, in the place of the county, and authorising him to issue a *scire facias* upon the recognizance to reimburse himself.

That the party maintaining the child, and the child also, have not resided in the State, from the date of the recognizance to the time of issuing the scire facias, makes no difference in the right so to proceed.

APPEAL from *Washington* County Court.

This was a *scire facias* sued out on the 1st October 1837, in the form following:

Maryland, *Washington* County, to wit:—The State of Maryland to the sheriff of Washington county greeting. Whereas on the second day of October, in the year of our Lord 1834, a certain *Joseph P. Mong, Peter Mong,* and *David Stover,* made their personal appearance before Jacob Kessinger, gentleman, a justice of the peace of the State of Maryland, in and for *Washington* county, and then and there acknowledged them-

selves to owe and stand justly indebted to the State of Maryland in the sum of eighty dollars, which they yielded and granted should be made and levied of their bodies, goods and chattels, lands and tenements, respectively for the use of the said State, upon condition nevertheless that, if the said *Joseph P. Mong* shall indemnify *Washington* county from all charges, that may arise from the maintenance of a male illegitimate child, begotten on the body of *Mary Ann Flora*, of which she was delivered on the ninth day of August, in the year 1834, then the said recognizance to be void and of none effect, otherwise to be and remain in full force and virtue in law; which same recognizance, the said *Jacob Kessinger* on the third Monday of November in the year 1834, into *Washington* County Court here, with his own proper hands delivered, there of record to be enrolled; and there before the said court on the day and year last aforesaid, was enrolled among the records of the said court, as by the record thereof in the said court remaining manifestly appears.  And whereas on the twenty-eighth day of September 1837, before Jacob Lambert, a justice of the peace for said county, the said *Christopher Flora, who hath the said child in charge,* made oath on the Holy Evangely of Almighty God that he hath not received any sum or sums of money from *Joseph P. Mong, or Peter Mong, or David Stover,* his securities, for maintenance of the said illegitimate child, from the 9th day of August 1834, at which time the said child was born. And the said Jacob Lambert at the same time issued his order on the said *Peter Mong* and *David Stover* to pay unto the said *Christopher Flora,* the sum of thirty dollars, for each and every year, commencing on the ninth day of September 1834, and ending on the ninth day of September 1837, as an adequate compensation for the maintenance of the said illegitimate child to that period.  And whereas also on the tenth day of October 1837, before the said Jacob Lambert appeared Joseph P. Wolfersberger, and made oath on the Holy Evangely of Almighty God, that he was present on the tenth day of October 1837, when *Christopher Flora* served the within order on *Peter Mong* and *David Stover,* and demanded payment there-

of; and at the same time the said *Christopher Flora* makes oath aforesaid, that the money due on the same order is still unpaid. And because it is right that these things which are rightly transacted and done, before our said court and justices of the peace, should be brought to due and speedy execution you are therefore hereby commanded, that by good and lawful men of your bailiwick, you make known unto the said *Peter Mong* and *David Stover*, that they be and appear before *Washington* county court on the third Monday of November next, to be held at the court house in Hagerstown, to shew cause if any they have, why the said sum of money ought not to be levied of their bodies, goods and chattels, lands and tenements, for the use of the said *Christopher Flora*, according to the force, form and effect of the recognizance aforesaid, according to the act of assembly in such case made and provided, if to them it shall seem meet, and have you then and there the names of those by whom you shall make the same known and this writ. Witness, &c.

The defendants pleaded, 1st. That the said State for the use of the said *Christopher Flora* ought not to have or maintain its aforesaid action thereof against them, because they say that the said *Christopher Flora* removed with his family from the State of *Maryland* to the State of *Ohio*, or to some part of the western country, in the month of November, to wit, on the fourth day of said month, in the year of our Lord 1834, and at the time of his said removal the said *Christopher* took with him the said illegitimate child, and that the said *Christopher Flora* and the said illegitimate child have resided and remained in the said State of *Ohio* or in some part of the western country, from the time of his said removal to the present time, and still do reside and remain in the said State of *Ohio* or in some other part of the western country; and this &c.

2nd. That the said State its action aforesaid thereof against them to have or maintain ought not, because they say, that from the date of the said recognizance, to the present time, the said illegitimate child has not been within the State of *Maryland;* and this, &c.

To these pleas the plaintiff demurred generally. The defendants joined in the demurrer, and the county court gave judgment for the plaintiff for $90 and costs. The defendants appealed.

The cause was argued before BUCHANAN, C. J., STEPHEN,· ARCHER, DORSEY, and CHAMBERS, J.

By D. G. YOST for the appellee.
No counsel appeared for the appellants.

CHAMBERS, J., delivered the opinion of the court.
The principles adopted by this court in the case of *Eccles-* *ton vs. State,* 7 *Gill & John.* 316, must govern this case.

The policy of the acts of assembly, in relation to this sub-ject, are well effected by the practice which we believe is uni-·' form, and by which the person providing for the illegitimate' child is regarded as standing in the place of the county, and' entitled to have a *scire facias* to reimburse himself for his ex-·' penditures, within the amount limited by these acts.

JUDGMENT AFFIRMED.